Filed 5/7/15  In re B.B. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re B. B., a Person Coming Under the Juvenile Court Law. | C077750 |
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>     v.<br><br>B. B.,<br><br>          Defendant and Appellant. | (Super. Ct. No. PDL20140053) |

Appointed counsel for minor B.B. asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to the minor, we will affirm the judgment.

**BACKGROUND**

In May 2014 Rene T. received word that her daughter, T.T., was in an altercation with the minor at school.  During the altercation, T.T.'s cellular phone went missing.  As

1

a result of the altercation, T.T. suffered a concussion that caused her to miss the final four weeks of school.  Rene missed five days of work to stay home with T.T. after she was injured.  Rene missed another six hours of work to testify at the restitution hearing, and she had to replace T.T.'s cellular phone.

In July 2014 the minor admitted misdemeanor charges of battery with serious bodily injury (Pen. Code, § 243, subd. (d)), unlawful invasion of privacy (Pen. Code, § 647, subd. (j)(1)), and petty theft (Pen. Code, § 484, subd. (a)).  The juvenile court declared the minor a ward of the court and placed her on informal probation for six months.  The maximum time of confinement was set at one year four months.

Following a later restitution hearing, the juvenile court ordered the minor to pay $1,669 in victim restitution but did not make restitution a condition of her probation.

## DISCUSSION

We appointed counsel to represent the minor on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from the minor.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

## DISPOSITION

The order appealed from is affirmed.

                                                                       RAYE        , P. J.

We concur:

        DUARTE      , J.

        HOCH        , J.